UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
WILBERT WILSON, ROLAND WOODS,
TA'KYASHILAH SABREE, and E.J.,

                        Plaintiffs,

v.

NEIGHBORHOOD RESTORE DEVELOPMENT
and NORTHEAST BROOKLYN,

                        Defendants.
---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-1172 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Wilbert Wilson, Roland Woods, Ta'kyashilah Sabree and E.J., proceeding *pro se*,[1] commenced the above-captioned action on February 22, 2018 against Defendants Neighborhood Restore Development and Northeast Brooklyn, alleging breach of contract, breach of the warranty of habitability, negligence, personal injury and fraud. (Compl. 2, Docket Entry No. 1.) For the reasons set forth below, the Court dismisses the Complaint.

    **I. Background**

    The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order. Plaintiffs allege Defendants unlawfully obtained possession of real property located at 580 Lafayette Avenue in Brooklyn, New York, which appears to be Plaintiffs' residence, through a fraudulent tax lien foreclosure. (*Id.* at 1, 3.) Plaintiffs assert that Defendant Neighborhood Restore, a nonprofit organization "organized by the Department of

---

    [1] Although the Complaint contains a sentence suggesting that Plaintiffs are represented by counsel, (*see* Compl. 3 ("The Plaintiff and his attorney are seeking to consider negotiation with the Defendants . . . ."), no attorney has appeared in this action on Plaintiffs' behalf.

Finance to be a [l]ien [s]ale [h]older," "was specifically unaware that the plaintiff[] Wilbert Wilson had obtained a [r]everse [m]ortgage and was approved [and] ready to pay off the taxes owed to the City of New York" and that Plaintiffs "had requested and received a Temporary Exemption Tax Lien due to property renovation."[2] (*Id.* at 3). In addition, Plaintiffs allege that "[w]hen the City of New York [t]ransferred the [l]ien [s]ale," to Neighborhood Restore, it did not "transfer[] the [d]eed," but Neighborhood Restore nonetheless "[f]raudulently deleted" Plaintiff Wilbert Wilson from the deed, and added Neighborhood Restore. (*Id.*) Plaintiffs further allege that Neighborhood Restore's actions "[c]aused the [d]eath of three (3) members of the family," but do not explain how the deaths occurred or provide any other relevant information. (*Id.*) Plaintiffs seek money damages in the amount of $50 million. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In reviewing

---

[2] The Complaint does not provide information regarding the second named Defendant, Northeast Brooklyn.

2

a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, if the court "determines at any time that it lacks subject-matter jurisdiction, the [c]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Plaintiffs may not bring suit on behalf of E.J.

It is well-settled that a lay person cannot represent another individual — not even his or her own child. *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). When it is apparent to the court that a *pro se* plaintiff is suing on behalf of a minor, the Court has a duty to protect the child by enforcing, *sua sponte*, this prohibition against unauthorized representation. *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998). In this case, E.J., a named Plaintiff in this action, appears to be a minor. (*See* Compl. 5.) Because the other Plaintiffs are not attorneys, they cannot bring suit on behalf of E.J. Therefore, the Court dismisses without prejudice all claims filed on behalf of E.J.

### c. The Court lacks subject matter jurisdiction over Plaintiffs' claims

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–

93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Bayerische Landesbank*, 692 F.3d at 48.

Construing Plaintiffs' allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Complaint does not suggest any basis for subject matter jurisdiction. There is no federal question jurisdiction because Plaintiffs' claims do not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Instead, Plaintiffs allege claims for breach of contract, breach of the warranty of habitability, negligence, personal injury and fraud, (Compl. 2), all of which are state law claims, *see JP Morgan Chase Bank, N.A. v. Hunter Grp., Inc.*, No. 10-CV-00917, 2010 WL 5313547, at *3 (E.D.N.Y. Dec. 20, 2010) (contract claims governed by state law); *Silver v. Campbell*, No. 16-CV-0911, 2017 WL 4011259, at *6 (N.D.N.Y. Sept. 11, 2017) (dismissing state law warranty of habitability claim of for lack of diversity jurisdiction); *White v. Ercole*, No. 06-CV-1136, 2009 WL 602890, at *5 (S.D.N.Y. Mar. 3, 2009) (negligence claim a matter of state law); *West v. Sanchez*, No. 17-CV-2482, 2017 WL 1628887, at *2 (E.D.N.Y. May 1, 2017) (no federal question jurisdiction on what "amount[s] to a state-law personal injury claim" (citations omitted)); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 182 (2d Cir. 2015) (elements of common-law fraud governed by state law).

In addition, Plaintiffs do not invoke the Court's diversity jurisdiction, and, in any event, the addresses provided by Plaintiffs suggest a lack of complete diversity between the parties. (Compl. 2 (listing New York addresses for Defendants Neighborhood Restore Development, Northeast Brooklyn and Plaintiff Wilbert Wilson).) Therefore, there is no diversity of

5

citizenship that would confer diversity jurisdiction. *See Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that federal diversity statute mandates complete diversity).

Because the Complaint does not give rise to federal question or diversity jurisdiction, the Court dismisses the Complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Ruhrgas*, 526 U.S. at 583. However, in light of Plaintiffs' *pro se* status, the Court grants Plaintiffs leave to file an amended complaint within thirty (30) days of this Memorandum and Order, in order to plead facts supporting subject matter jurisdiction. In addition, to the extent Plaintiffs seek to bring claims on behalf of E.J., Plaintiffs must retain counsel to assert such claims.

Plaintiffs are advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Order.

In order to invoke the Court's diversity jurisdiction, Plaintiffs must establish complete diversity of citizenship (meaning that no Defendant can be a citizen of the same State as each Plaintiff) and must set forth the amount in controversy in the amended complaint. *See, e.g., Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship" (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987))).

If Plaintiffs intend to invoke the Court's federal question jurisdiction, Plaintiffs must set forth sufficient factual content to allow the Court "to draw the reasonable inference" that each defendant named in the amended complaint is liable for the misconduct or harm caused to each

Plaintiff named in the amended complaint, *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8, and that such conduct is in violation of a federal constitutional or statutory right.

All further proceedings shall be stayed for thirty (30) days. If Plaintiffs fail to file an amended complaint which establishes the Court's jurisdiction over this matter within the time allowed, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III. Conclusion

For the foregoing reasons, the Court dismisses without prejudice all claims brought on behalf of E.J., *Cheung*, 906 F.2d at 61, and dismisses the entire Complaint without prejudice for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiffs leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.

Although Plaintiffs paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

　　　　　s/ MKB　　　　　
MARGO K. BRODIE
United States District Judge

Dated: May 18, 2018
　　　　Brooklyn, New York