

Client Focused. Results Driven.

Max Rayetsky
(646) 768-4120
mrayetsky@goldsteinhall.com

December 4, 2018

**VIA ECF and**
**FIRST CLASS MAIL**
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn, New York 11201
Attn.: Judge Margo K. Brodie

  Re: Wilbert Wilson, Roland Woods, Ta'kyashilah Sabree, and E.J. v. Neighborhood Restore Development and Northeast Brooklyn / Case No.: 18-cv-1172 / Request for a Pre-Motion Conference

Dear Judge Brodie:

  This office represents Defendants, Neighborhood Restore Housing Development Fund Corporation and Northeast Brooklyn Housing Development Corporation, in the above-referenced action. Pursuant to Your Honor's Individual Practices and Rules, Section 3.A.i, Defendants respectfully request a pre-motion conference because they seek leave of Court to file a pre-answer motion to dismiss this action.

  The bases for Defendants' contemplated pre-answer motion to dismiss are: (i) under the *Rooker-Feldman* doctrine, Plaintiffs, Wilbert Wilson, Roland Woods, Ta'kyashilah Sabree, and E.J., are precluded from asserting the claims contained in the instant Amended Complaint because they have already been dismissed three times in the state courts; (ii) this Court does not have subject matter jurisdiction over the Amended Complaint pursuant 28 U.S.C. §§ 1331 and 1332; and (iii) Plaintiffs failed to sufficiently plead any claim in the Amended Complaint pursuant *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and their progeny.

  First, under the *Rooker-Feldman* doctrine, created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983), federal district courts are precluded from reviewing final





judgments of the state courts, except for constitutional challenges raised on direct appeal to the United States Supreme Court and reviews pursuant to an application for a writ of *habeas corpu*[1]. *See* 28 U.S.C. § 1257(a) (the United States Supreme Court has the sole authority to review a state court's judicial decisions); *Exxon MobilCorp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

To prevail under the *Rooker-Feldman* doctrine, (i) the federal-court plaintiff must have lost in state court; (ii) the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment [.]"; (iii) the plaintiff must "invite district court review and rejection of [that] judgment[ ]"; and (iv) the state-court judgment must have been "rendered before the district court proceedings commenced". *Green v. Mattingly*, 585 F3d 97, 101 (2d Cir. 2009). Here, (i) Plaintiffs had two of its substantively similar actions dismissed in the state courts[2]; (ii) Plaintiffs in the two state actions made, in relevant part, the same claims as in the Amended Complaint[3]; (iii) Plaintiffs ask this Court to review and reject the state courts' judgments; and (iv) Plaintiffs allege that the state court judgment was rendered before they filed their in this Court. As a result, this Court must dismiss this action.

In addition, Plaintiffs may not seek "reversal of a state court judgment simply by casting [their] complaint in the form of a civil rights action." *Brooks-Jones v. Jones*, 916 F. Supp. 280, 281-82 (S.D.N.Y 1996). Accordingly, given that apart from alleged civil rights violations,

---

[1] Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing claims that have already been decided by state courts or that are "'inextricably intertwined' with the issues that have already been decided, by a state court." *Mitchell v. Fishbein*, 377 F.3d 157, 165 (2d Cir. 2004) (quoting *Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27, 29 (2d Cir. 2003).

[2] After having its action dismissed in Kings County Supreme Court (*Wilbert Wilson v. Neighborhood Restore Housing, et al.* / Index No.: 505/2013), and losing the appeal in the Second Department of the Supreme Court (*Wilbert Wilson v. Neighborhood Restore Housing, et al.* / Docket No.: 2014-02802), Plaintiffs filed a duplicate lawsuit in Kings County Supreme Court (*Wilbert Wilson v. NYCDHPD, et al.* / Index No.: 7038/2015), which, similarly, was dismissed on the same grounds.

[3] By claiming, *inter alia*, fraud, both the two state actions and the Amended Complaint seek to vacate the foreclosure judgment issue in *In Rem Foreclosure Action No. 51*, Borough of Brooklyn (Brooklyn 51) (Index No.: 8700/07) and to set aside the deed granted to Northeast Brooklyn Housing Development Corporation for the building located at 580 Lafayette Avenue, Brooklyn, New York (Block: 1788; Lot 53).





Plaintiffs' Amended Complaint is completely devoid of any claims involving a federal question and completely fails to invoke diversity jurisdiction, this action must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

Lastly, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Here, given that the Amended Complaint fails to allege enough facts to establish a cause of action, it must be dismissed by this Court.

Sincerely,

Max Rayetsky

Cc:

**Wilbert Wilson**
P.O. Box 50446
Brooklyn, New York 11205

**Roland Woods**
P.O. Box 50446
Brooklyn, New York 11205

**Ta'kyashilah Sabree**
P.O. Box 50446
Brooklyn, New York 11205

**E.J.**
P.O. Box 50446
Brooklyn, New York 11205

Goldstein Hall PLLC
New York City Office: 80 Broad Street, Suite 303, New York, NY 10004
**NYC** 646.768.4100  **F** 646.219.2450  **E** info@goldsteinhall.com  **W** www.goldsteinhall.com