UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK

WILBERT WILSON, ROLAND WOODS,
TA'KYASHILAH SABREE, and E.J.,

                            Plaintiffs,

-against-

NEIGHBORHOOD RESTORE DEVELOPMENT, and
NORTHEAST BROOKLYN,

                            Defendants.

Case No.: 18-CV-1172 (MKB)

**AFFIRMATION
IN SUPPORT**

**MAX RAYETSKY**, an attorney duly admitted to practice law before this Court, and the Courts of the State of New York, hereby affirms the following under penalties of perjury:

1. I am an associate with the law firm of Goldstein Hall PLLC, attorneys for Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore"), incorrectly sued herein as Neighborhood Restore Development, and Northeast Brooklyn Housing Development Corporation ("NBHDC"), incorrectly sued herein as Northeast Brooklyn, (collectively, "Defendants"), in the instant action. As such, I am fully familiar with the facts and circumstances set forth below based upon my review of the files maintained by my law firm's office, and conversations with my client in connection with this matter.

2. I submit this affirmation in support of Defendants' motion for an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing the claims asserted by Plaintiffs, Wilbert Wilson ("Mr. Wilson"), Roland Woods ("Mr. Woods"), Ta'kyashilah Sabree ("Ms. Sabree"), and E.J. ("E.J."), (collectively, "Plaintiffs"), and for such other and further relief as the Court deems just, proper and equitable.

A. **<u>BACKGROUND</u>**

3. The genesis of this action arises out of the City of New York's (the "City") In Rem tax foreclosure proceeding foreclosing on property formerly owned by Mr. Wilson, located at 580 Lafayette Avenue, Brooklyn, New York 11205 (Block: 1788; Lot: 53), (the "Premises"), due to multiple years of unpaid real estate taxes and water and sewer charges.

4. On October 26, 2011, the Court entered a judgment of foreclosure (the "In Rem Judgment")[1], and, on August 8, 2012, the City, pursuant to the Third Party Transfer Program, transferred the Premises to Neighborhood Restore. Thereafter, Neighborhood Restore entered into a management and pre-development agreement with Northeast Brooklyn Housing Development Fund Corporation ("NBHDFC")[2] for NBHDFC to manage the Premises.

5. On January 16, 2013, almost a year and a half after the issuance of the In Rem Judgment, Mr. Wilson commenced an action in Kings County Supreme Court, captioned *Wilbert Wilson v. Neighborhood Restore Housing, Northeast Brooklyn Housing Development Fund Corporation and Marlo Bracey, Index No.: 505/2013*, seeking vacatur of the In Rem Judgment based on the alleged fraud by Neighborhood Restore. On December 19, 2013[3], the Supreme Court dismissed the action on the statute of limitations grounds pursuant to CPLR 3211(a)(5), holding that after the expiration of the four-month mandatory redemption period under NYC Admin. Code § 11-412, the right to redeem the foreclosed property or to vacate and/or set aside the underlying in rem judgment of foreclosure ceases to exist. Because the action was commenced well after the

---

[1] The In Rem Judgment was entered with the Kings County Clerk's Office on November 2, 2011.
[2] On November 1, 2017, Neighborhood Restore transferred the Premises to Restoring Urban Neighborhoods, LLC. A copy of the deed is annexed hereto as Exhibit "E".
[3] The December 19, 2013 Decision and Order was entered with the Kings County Clerk's Office on January 17, 2014.

four-month mandatory redemption period expired on March 2, 2012, the Supreme Court, applying the presumption of regularity for In Rem tax foreclosure actions provided for in NYC Admin. Code § 11-412.1(h), ruled that Mr. Wilson's challenge of the In Rem Judgment was untimely. A copy of the December 19, 2013 Decision and Order is annexed hereto as Exhibit "A".

6. Following the dismissal, on February 21, 2014, Mr. Wilson filed an appeal with the Second Department of the Supreme Court of the State of New York, captioned *Wilbert Wilson v. Neighborhood Restore Housing, et al., Docket No.: 2014-02802*, seeking a reversal of the December 19, 2013 Decision. On June 17, 2015, the Second Department affirmed the December 19, 2013 Decision and Order on the same grounds as the motion court. A copy of the June 17, 2015 Appellate Decision is annexed hereto as Exhibit "B".

7. Thereafter, on June 4, 2015, Mr. Wilson commenced a special proceeding in Kings County Supreme Court, captioned *Wilbert Wilson v. The New York City Department of Housing Preservation and Development, et al., Index No.: 7038/2015*, seeking vacatur of the In Rem Judgment based on the alleged fraud by Neighborhood Restore. On October 26, 2016[4], the Court dismissed the special proceeding on the same grounds as set forth by the Second Department in the June 17, 2015 Decision. A copy of the October 26, 2016 Decision and Order is annexed hereto as Exhibit "C".

8. Finally, on February 22, 2018, Plaintiffs filed an action with this Court, captioned *Wilbert Wilson, Roland Woods, Ta'Kyashilah Sabree, and E.J. v. Neighborhood Restore Development, and Northeast Brooklyn, Index No.: 18-CV-1172*, seeking money damages in the amount of $50,000,000.00 based on the alleged breach of contract, breach of warranty of

---

[4] The October 26, 2016 Decision and Order was entered with the Kings County Clerk's Office on November 18, 2016.

habitability, negligence, personal injury and fraud by Neighborhood Restore. On May 18, 2018, this Court dismissed Plaintiffs' action without prejudice as against E.J. on the grounds that, pursuant to applicable case law, E.J. cannot be represented by the other Plaintiffs because they are attorneys, and as against the remaining Plaintiffs on the grounds of lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). A copy of the May 18, 2018 Decision and Order is annexed hereto as Exhibit "D". Additionally, the Court granted Plaintiffs leave to file an amended complaint within thirty (30) days of the May 18, 2018 Decision and Order, in order to plead facts supporting subject matter jurisdiction.

9. On November 13, 2018, after obtaining an extension of time from this Court on October 18, 2018, Plaintiffs filed this instant amended action seeking, *inter alia*, vacatur of the In Rem Judgment based on the alleged fraud by Neighborhood Restore pursuant to Fed. R. Civ. P. 60(b)(4) and money damages pursuant to 18 U.S.C.A. § 1962 and N.Y. Penal Law, Articles 40 and 460.

**B. THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS**

    i.    *The Rooker-Feldman Doctrine Bars Plaintiffs' Claim for Vacatur of the In Rem Judgment*

10. As more fully stated in the accompanying Memorandum of Law ("MOL"), Plaintiffs' cause of action seeking to vacate the In Rem Judgment must be dismissed by this Court pursuant to the *Rooker-Feldman* doctrine (*see* MOL, Point I.A).

11. According to the doctrine, federal district courts are divested of subject matter jurisdiction over actions seeking appellate review of state court judgments (*see* MOL, "Argument", Point I.A). In order for the *Rooker-Feldman* doctrine to apply, the following elements must be satisfied: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries

4

caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. Additionally, the *Rooker-Feldman* doctrine also bars a federal district court's jurisdiction over claims that are inextricably intertwined with state court determinations.

12. Here, the Rooker-Feldman doctrine applies because Defendants satisfy the four-part test. First, on October 26, 2011, Plaintiffs lost in a state In Rem tax foreclosure action, *In Rem Foreclosure Action No.: 51, Borough of Brooklyn, Index No.: 8700/07*, which resulted in the In Rem Judgment (*Id*, ¶ 3). Second, Plaintiffs allege that their injuries were brought about by the In Rem Judgment. Specifically, to the extent an allegation can be drawn from Plaintiffs' convoluted Complaint, it alleges that the loss of the Premises due to its transfer to Neighborhood Restore under the Third Party Transfer Program resulted in Plaintiffs' damages and are the crux of Plaintiffs' instant action. Plaintiffs are seeking to vacate the In Rem Judgment and for the title to the Premises to revert back to Mr. Wilson (*see* Complaint, pg. 5). Third, Plaintiffs are petitioning this Court to review the validity of and to vacate the In Rem Judgment. Lastly, the In Rem Judgment that Plaintiffs are trying to have this Court review was granted on October 26, 2017, and entered on November 2, 2011 – close to 7 years before Plaintiffs commenced this instant action.

13. In addition to satisfying the four-part test, Plaintiffs' claim for vacatur of the In Rem Judgment is also "inextricably-intertwined" with the In Rem Judgment itself, as Plaintiffs are seeking to get the In Rem Judgment vacated on the grounds of it being "erroneously entered or … void" due to the alleged fraud (*see* Complaint, pg. 5).

14. As a result and in light of above, given that this Court does not have subject matter jurisdiction over Plaintiffs' cause of action seeking to vacate the In Rem Judgment, it must dismiss Plaintiffs' claim in its entirety with prejudice.

ii. *Federal Question Jurisdiction Does Not Exist Over Plaintiffs' Claim for Damages Under New York Penal Law*

15. Plaintiffs' cause of action seeking damages under N.Y. Penal Law, Articles 40 and 460, must be dismissed by this Court because it does not arise under, or involve, federal question (*see* MOL, Point I.B).

16. Federal courts have original subject matter jurisdiction in cases arising under federal law. Most directly, a case arises under federal law when federal law creates the cause of action asserted. However, even when "a claim finds its origins" in state law, there is "a special and small category of cases in which arising under jurisdiction still lies."

17. Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

18. Here, none of the four requirements are met. First, Plaintiffs' claim for damages under N.Y. Penal Law, Articles 40 and 460, do not raise a federal issue because N.Y. Penal Law is a state law created for penalizing state-level, and not federal-level, crimes. Second, because no federal issues are raised by N.Y. Penal Law, no federal issue is actually disputed by N.Y. Penal Law, Articles 40 and 460. Third, given N.Y. Penal Law does not either raise or dispute any federal issues, N.Y. Penal Law, Articles 40 and 460, most certainly does involve any *substantial* federal issue. Lastly, given that N.Y. Penal Law does not involve a federal issue, the fourth prong of the test is inapplicable.

19. As a result and in light of above, given that this Court does not have subject matter jurisdiction over Plaintiffs' claim for damages under N.Y. Penal Law, Articles 40 and 460, it must dismiss Plaintiffs' claim in its entirety with prejudice.

iii. *Diversity Jurisdiction Does Not Exist Over Plaintiffs' Claims*

20. This Court does not have diversity jurisdiction over Plaintiffs' claims because there is no complete diversity between the parties to this action (*see* MOL, "Argument", Point I.C).

21. Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000 (*Id*).

22. Here, even though the amount in controversy exceeds $75,000.00, there is no complete diversity between the parties in this action. First, upon information and belief, by Plaintiffs' own admission, all of the Plaintiffs are domiciled in the State of New York (*see* Complaint, pgs. 1-3). Similarly, upon Plaintiff's own acknowledgement, all of the Defendants are domiciled in the State of New York. Since both Plaintiffs and Defendants are domiciled in the same state, there is no complete diversity between the parties to this action.

23. As a result, given that there is no complete diversity between the parties to this action, this Court does not have diversity jurisdiction over Plaintiffs' claims.

### C. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION

24. Plaintiffs' cause of action seeking damages under 18 U.S.C.A. § 1962 ("RICO") must be dismissed by this Court because Plaintiffs fail to state a cause of action (*see* MOL, Point II).

25. As a preliminary matter, Plaintiffs do not have statutory standing to pursue its RICO claims. It is well settled that standing under RICO is a more rigorous matter than standing under Article III, in that it "incorporates an enhanced ripeness requirement: a cause of action does not accrue under RICO until the amount of damages becomes clear and definite.

26. Here, in its purported prayer for relief (*see* Complaint, pg. 35), Plaintiffs' complaint states that the monetary losses for the alleged "violation of Article 18 USCA …1962 ***and*** [N.Y.] Penal Law[,] Article 460 … [are] in excess of $7,000,000.00" (emphasis added). Based on these

allegations, it is impossible to ascertain what the alleged damages for the alleged violation of RICO Act alone are. Plus, without a range or a cap, it is also impossible to ascertain the amount of intended damages based on the language used in the Complaint – i.e. "in excess of $7,000,000.00". As a result, given that the exact amount of claimed damages for the alleged RICO violations is unknown, Plaintiffs do not have standing to bring this claim.

27. Secondly, the statute of limitation for interposing a RICO claim has run. As discussed in the MOL, RICO claims are governed by a four-year statute of limitations, which begins to run when the plaintiff discovers or should have reasonably discovered the alleged injury" (*Id*). Here, the injury, theoretically, giving rise to a RICO claim arose as early as October 26, 2011 – the date the In Rem Judgment was granted. However, Plaintiffs interposed their RICO claims for the time in their amended Complaint filed with this Court on November 13, 2018 – close to 3 years after the statute of limitation expired. As a result, Plaintiff's causes of action seeking damages under RICO must be dismissed.

28. Additionally, apart from Plaintiffs' utter failure to satisfy the minimum pleading requirements listed (*see* MOL, Point II), Plaintiffs have also failed to satisfy Fed. R. Civ. P. 8, which demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation, and Rule 9(b) of Fed. R. Civ. P., which requires RICO claims based on fraud to be plead with particularity (*see* MOL, Point II). Specifically, throughout its Complaint, in general, and with throughout its RICO claims, in particular, Plaintiffs have consistently failed to specify the content, date and place of any alleged misrepresentation and the identity of the persons making and receiving them, instead merely making incoherent, general conclusory allegations which fail to add up to anything more than a compilation of fragmented sentences, much less a cause of action (*see* Complaint, pgs. 1 - 54).

29. Lastly, Plaintiffs have completely failed to satisfy the elements of a civil RICO claim. To plead a valid civil action under RICO, a plaintiff must allege a violation of 18 U.S.C.A. § 1962; an injury to the plaintiff's business or property; and causation of the injury by the defendant's violation (*see* MOL, Point II).

30. Accordingly, a plaintiff must adequately allege that the defendant's conduct falls within the elements mandated by the Courts – i.e. that the defendant through the commission of two or more acts constituting a pattern of racketeering activity directly or indirectly invests in, or maintains an interest in, or participates in an enterprise, the activities of which affect interstate commerce.

31. Further, a Plaintiff must show a RICO injury and causation. Also, a RICO plaintiff must sufficiently plead that he/she was injured in his business or property by reason of a violation of 18 U.S.C.A. § 1962. A plaintiff's failure to adequately allege any single factor as to each individually-named defendant requires dismissal of the cause of action.

32. Here, Plaintiffs' Complaint mainly fails to establish the "enterprise" and "racketeering activity" elements of a RICO action. First, according to, 18 U.S.C. § 1961(4), a racketeering "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." With the exception of using blanket statements like "criminal civil rights violations", "void case" (*see* Complaint, pg. 6), "void judgment" (*see* Complaint, pg. 11), or "fraudulent fake void" (*see* Complaint, pg. 12), the Complaint does not contain a single allegation or a scintilla of evidence that would show that Neighborhood Restore and NBHDC are an "enterprise" within the meaning of 18 U.S.C. § 1961(4). On the contrary, Neighborhood Restore and NBHDC are two separately formed, unrelated organizations, that used share only a contractual relationship with

each other in which Neighborhood Restore, the owner of the Premises at the time, used NBHDC's property management services for NBHDC to manage the Premises (*Id* ¶ 4).

33. Secondly, and lastly, Plaintiffs' Complaint similarly fails to allege any pattern of "racketeering activity" within the meaning of the statute. As such, given that Plaintiffs have failed to even minimally allege with specificity which of the two predicate acts was performed by which Defendant and when, just as with the "enterprise" element of the cause of action, Plaintiffs have not proven the pattern of "racketeering activity" element.

34. As a result and in light of above, given that this Court must dismiss Plaintiffs' cause of action based on RICO for failure to state a cause of action.

**WHEREFORE**, for the reasons set forth herein, this Court must (i) dismiss Plaintiffs' Complaint in its entirety and with prejudice; and (ii) grant Defendants such other and further reliefs that this Court deems just, proper and equitable.

Dated: New York, New York
January 25, 2019

_____
MAX RAYETSKY