UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

WILBERT WILSON, ROLAND WOODS,
TA'KYASHILAH SABREE, and E.J.,

                 Plaintiffs,

      v.

NEIGHBORHOOD RESTORE DEVELOPMENT
and NORTHEAST BROOKLYN,

                 Defendants.

-------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-1172 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Wilbert Wilson, Roland Woods, and Ta'kyashilah Sabree,[1] proceeding *pro se*, commenced the above-captioned action on February 22, 2018, against Defendants Neighborhood Restore Development and Northeast Brooklyn. (Compl., Docket Entry No. 1.) By Memorandum and Order dated May 18, 2018 (the "May 2018 Order"), the Court dismissed the Complaint for lack of subject matter jurisdiction and granted Plaintiffs leave to amend the Complaint. (Mem. & Order dated May 18, 2018, Docket Entry No. 12.) Plaintiffs filed an

---

    [1] On a page in the Amended Complaint titled "General Allegations of Citizenship," Plaintiffs list four other individuals as plaintiffs. (Am. Compl. 28–29, Docket Entry No. 20.) However, none of these individuals are listed in the caption. The Court therefore only considers the allegations as to the named Plaintiffs. In addition, by Memorandum and Order dated May 18, 2018 (the "May 2018 Order"), the Court dismissed all claims as to minor Plaintiff E.J. because *pro se* Plaintiffs cannot sue on behalf of a minor. (Mem. & Order dated May 18, 2018 3, Docket Entry No. 12.) The caption on the Amended Complaint again names E.J. as a plaintiff but E.J. is not listed or otherwise referred to in the Amended Complaint. (Am. Compl. 1.) To the extent E.J. is intentionally included as a party to the claims in the Amended Complaint, all claims as to E.J. are dismissed for the reasons stated in the May 2018 Order. (May 2018 Order 3.)

Amended Complaint on November 13, 2018.² (Am. Compl., Docket Entry No. 20.) Plaintiffs allege Defendants unlawfully obtained possession of Plaintiffs' real property through a fraudulent tax lien foreclosure. (Am. Compl. 5–7.) Plaintiffs seek vacatur of the state court foreclosure judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and money damages, (*id*. at 5, 20, 34–38), as well as money damages for Defendants' alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.* and New York Penal Law Article 460. (*Id.* at 35.)

Currently before the Court is Defendants' motion to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 34; Defs. Mem. in Supp. of Defs. Mot. ("Defs. Mem."), Docket Entry No. 34-7.) Plaintiffs oppose the motion. (Pls. Opp'n to Defs. Mot. ("Pls. Opp'n"), Docket Entry No. 38.) For the reasons set forth below, the Court grants Defendants' motion and dismisses the Amended Complaint. The Court grants Plaintiffs thirty (30) days to file a second amended complaint.

**I. Background**

The Court assumes the truth of the factual allegations in the Amended Complaint for the purpose of deciding the motion.³ Plaintiffs are individuals who either resided or planned to

---

² Because the Amended Complaint and the pages attached to it are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

³ The Court also considers documents attached to the Amended Complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230–31 (2d Cir. 2016) (holding courts may consider on a motion to dismiss "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference" and other documents "integral" to the complaint (citations omitted)); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated

2

reside at 580 Lafayette Avenue in Brooklyn, New York (the "Property"), a residential property that was owned by members of Plaintiffs' family for "generations." (Am. Compl. 6.)

### a. Factual background

On February 23, 2007, the City of New York (the "City") initiated an *in rem* foreclosure action against the Property based on its tax delinquent status. (State Ct. Decision and Order dated Dec. 19, 2013 ("State Ct. Dec. 2013 Order") 2, Docket Entry No. 34-2.) Plaintiffs first learned that the City had entered a tax lien against the Property in 2010. (Am. Compl. 6.) In or around September of 2010, Wilson applied for a reverse mortgage loan, and on November 9, 2010, he was approved for a $330,000 line of credit. (*Id.* at 6, 15.) The following year, on October 26, 2011, the City obtained a judgment of foreclosure against the Property. (State Ct. Dec. 2013 Order 3.) On August 8, 2012, the City transferred ownership of the Property to Neighborhood Restore under the City's Third Party Transfer Program.[4] (Am. Compl. 6, 18.) Neighborhood Restore subsequently transferred the property to Northeast Brooklyn. (State Ct. Dec. 2013 Order 3.) Later that month, on August 21, 2012, Wilson's reverse mortgage was approved to pay off the tax lien. (Am. Compl. 6.)

On January 16, 2013, Wilson filed a fraud claim in New York State Supreme Court, Kings County, seeking vacatur of the foreclosure judgment and money damages. (State Ct. Dec. 2013 Order 3–4.) In a decision dated December 19, 2013, the state court dismissed the complaint on statute of limitations grounds. (*Id.* at 7.) In July of 2014, while the case was

---

by reference, are 'integral' to the complaint." (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004))). In addition, because the Court is assessing whether it has subject matter jurisdiction, it may rely on documents outside the Complaint. *See M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013).

[4] Elsewhere in the Amended Complaint, Plaintiffs assert that "the New York City Commission of Finance issued a [d]eed [t]ransferring the [Property]" on "August 10, 2012 . . . with [n]o [c]ommenced [a]ction in [c]ourt." (Am. Compl. 7.)

pending on appeal, Plaintiffs were evicted from the Property. (Am. Compl. 8, 20.) On June 17, 2015, the New York Appellate Division, Second Department, affirmed the lower court's decision dismissing the complaint, agreeing that the action to vacate the judgment of foreclosure was time-barred and finding that "[t]o the extent that the plaintiff sought damages for fraud, the plaintiff failed to state a cause of action." (State App. Ct. Decision and Order dated June 17, 2015 2, Docket Entry No. 34-3.) On October 26, 2016, the state trial court dismissed a second related action filed by Wilson. (State Ct. Decision and Order dated October 26, 2016, Docket Entry No. 34-4.)

On February 22, 2018, Plaintiffs commenced this action. (Compl.)

### b. Plaintiffs' claims

Plaintiffs allege that Defendants unlawfully obtained possession of the Property through a fraudulent tax lien foreclosure. (Am. Compl. 5–7.) In support, Plaintiffs assert that the foreclosure judgment was "void" because there had been "[n]o [c]ommenced [a]ction in [c]ourt," and that Defendants "wrongfully misled and misinformed" a state court judge by "using fraudulent[] allegations."[5] (*Id.* at 6, 13, 34.)

Plaintiffs allege that the City transferred the Property to Defendant Neighborhood Restore "without providing [P]laintiffs the required [ninety] days to make good on the lien"; that "Neighborhood Restore took possession of the transferred deed with full knowledge that the transfer was premature because [P]laintiffs had not had [ninety] days to make good on the lien"; and that "Neighborhood Restore knew that the [P]laintiffs had obtained a reverse mortgage and

---

[5] Plaintiffs also appear to allege that the initial tax lien documents were fraudulently filed by various individuals at the New York City Department of Housing, Preservation and Development and in the Clerk's Office of the Kings County Supreme Court. (Am. Compl. 54.) None of these individuals are named as defendants in the case currently before the Court. Similarly, the Amended Complaint references as defendants two individuals, Marlo Bracey and Erica Sims, who are not currently parties before the Court. (*Id.* at 9.)

were able to satisfy the tax lien." (*Id.* at 7.)

Plaintiffs further allege that "tactics" were "used . . . to force the [P]laintiff[s] out of their . . . home," including "threats, harassment, discord, [and] having undesirables sitting on the steps of their home." (*Id.*) Plaintiffs, who are African American, assert that "Defendant Neighborhood Restore has engaged in a pattern of obtaining possession [of] properties owned by African American families in gentrifying neighborhoods . . . for the purpose of reselling those properties [to] white owners at a profit." (*Id.* at 6, 8.) Plaintiffs further assert that Defendants, "[u]nderstanding risk and default risk . . . use[d] void default general obligation strategies, looking up judges [without] . . . commencing civil actions [and] no opposing parties." (*Id.* at 7.)

In addition, Plaintiffs allege that they were "injured in their business and property" by Defendants' unlawful conduct and that Defendants "[v]iolated and [i]njured [their] [c]ivil [r]ights." (*Id.* at 11.) In addition, Plaintiffs allege that Neighborhood Restore's actions led to the family's "[f]raudulent[] [e]viction," causing "pains, suffering, depression, frustration, aggravation and stress[] that led to [three family members'] sickness that led to their deaths." (*Id.* at 26–27.)

The Court liberally construes the Amended Complaint as raising claims that (1) the tax lien foreclosure judgment entered by the state court was obtained through Defendants' fraudulent conduct and is therefore void; (2) Defendants violated 18 U.S.C. § 1962; and (3) Defendants violated New York Penal Law Article 460. (*Id.* at 5, 20, 34–38.) As relief for these alleged violations, Plaintiffs seek vacatur of the state court foreclosure judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and money damages in the amount of 50 million dollars. (*Id.* at 34–38.)

## II. Discussion

### a. Standards of review

#### i. Rule 12(b)(1)

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À .R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)); *see also Chau v. S.E.C.*, 665 F. App'x 67, 70 (2d Cir. 2016). "[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). As a result, courts may also "refer[] to evidence outside the pleadings" to evaluate subject matter jurisdiction. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (quoting *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Suarez v. Mosaic Sales Sols. US Operating Co., LLC*, 720 F. App'x 52, 53 (2d Cir. 2018).

ii. **Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976)); *see Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by *pro se* litigants "to make the strongest arguments they suggest"); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

b. **Fraud claims**

Defendants argue that the Court does not have subject matter jurisdiction over Plaintiffs' claim seeking to vacate the foreclosure judgment because it is barred by the *Rooker-Feldman* doctrine. (Defs. Mem. 4–6.) Defendants do not address Plaintiffs' claims for damages based on

Defendants' alleged fraud in connection with the foreclosure judgment. The Court finds that Plaintiffs' claim seeking to vacate the foreclosure judgment is barred by *Rooker-Feldman*. As to the damages claims, the Court finds that while these claims are not barred by *Rooker-Feldman*, Plaintiffs have failed to plead them sufficiently under Rule 9(b) of the Federal Rules of Civil Procedure.

        **i.    The *Rooker-Feldman* doctrine bars Plaintiffs' claims seeking to vacate the state court foreclosure judgment**

In *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 415–16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983), the Supreme Court held that federal district courts lack subject matter jurisdiction over disputes where a plaintiff essentially seeks review of a state-court decision. *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker*, 263 U.S. at 416 (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005) (holding that *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." (citing *Exxon Mobil Corp.*, 544 U.S. at 284)); *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) ("[T]he *Rooker-Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim," which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review of those judgments." (citations and internal quotation marks omitted)). "Underlying the *Rooker-Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *accord Vossbrinck*, 773 F.3d at 426 ("The doctrine is rooted in the principle that appellate jurisdiction to reverse or modify a state-court judgment is lodged exclusively in the Supreme Court." (alteration, citation, and internal quotation marks omitted)).

In order for the *Rooker-Feldman* doctrine to apply, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018) (citing *Hoblock*, 422 F.3d at 85); *see also Vossbrinck*, 773 F.3d at 426 (outlining the *Rooker-Feldman* test); *McKithen*, 626 F.3d at 154 (same). The Second Circuit has "applied the *Rooker-Feldman* doctrine with some frequency to cases involving suits . . . in which error by state-court judges in state-court proceedings is asserted, frequently in the foreclosure process." *Sung Cho*, 910 F.3d at 645.

To the extent Plaintiffs seek to vacate the state court foreclosure judgment, the four-part *Rooker-Feldman* test is satisfied and the Court lacks subject matter jurisdiction over Plaintiffs' claim. First, Plaintiffs lost the initial state foreclosure action. Second, the injury Plaintiffs complain of — the loss of the Property — was directly caused by the state court foreclosure judgment. Third, Plaintiffs' claim seeking to vacate the foreclosure judgment plainly invites the Court to review and reject that same state court judgment. Fourth, the foreclosure judgment was

entered on October 26, 2011, and Plaintiffs filed this federal action more than seven years later, on February 22, 2018. Courts in this Circuit have found claims similar to Plaintiffs' to be barred under the *Rooker-Feldman* doctrine. *See Vossbrinck*, 773 F.3d at 427; *Graham v. Select Portfolio Servicing, Inc.*, 156 F. Supp. 3d 491, 503–504 (S.D.N.Y. 2016) (finding that plaintiff's action was barred by the *Rooker-Feldman* doctrine because all of plaintiff's claims required the district court to find that "the state court's judgment of foreclosure was defective"); *Worthy-Pugh v. Deustche Bank Nat'l Tr. Co.*, No. 14-CV-1620, 2016 WL 2944535, at *4–5 (D. Conn. Jan. 29, 2016) (finding that the plaintiffs' claims were barred by the *Rooker-Feldman* doctrine because they were asking the district court "to review the state proceedings and determine that the foreclosure judgment was entered in error" (citation and internal quotation marks omitted)); *In re Bucksin Realty Inc.*, No. 13-CV-1004, 2016 WL 5260750, at *3–4 (Bankr. E.D.N.Y. Sept. 23, 2016) (finding that the plaintiff's action was barred by the *Rooker-Feldman* doctrine because the plaintiff alleged that the defendants "concocted a fraudulent cause of action by filing a complaint and obtaining a default judgment" in an underlying state court foreclosure action).

### ii. The *Rooker-Feldman* doctrine does not bar Plaintiffs' fraud claim for damages

Plaintiffs also seek money damages for Defendants' alleged fraud in obtaining the foreclosure judgment, which claims are not barred by *Rooker-Feldman* because they do not "require the federal court to sit in review of the state court judgment," but rather "seek damages . . . for injuries . . . from [Defendants'] alleged fraud." *Vossbrinck*, 773 F.3d at 427.

The Second Circuit has held that where a plaintiff seeks damages for a defendant's alleged fraud in obtaining a state court foreclosure judgment, *Rooker-Feldman* does not bar those claims. *See Vossbrinck*, 773 F.3d at 427 ("[Plaintiff's] pro se complaint can be liberally construed as asserting fraud claims that are not barred by *Rooker-Feldman* [. . .] because they

10

seek damages from [d]efendants for injuries [plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment."). In *Vossbrinck*, the Court of Appeals noted its agreement with the analysis in a Fifth Circuit opinion distinguishing between claims where a plaintiff seeks "damages for injuries caused by the [defendant's] actions" in obtaining a foreclosure judgment, and those where a plaintiff "ask[s] a federal court to declare a state judgment void on grounds of alleged fraud." 773 F.3d at 428 n.2 (*citing Truong v. Bank of Am.*, 717 F.3d 377 (5th Cir. 2013)); *see also Worthy-Pugh v. Deutsche Bank Nat'l Tr. Comp.*, 664 F. App'x. 20, 21 (2d Cir. 2016) ("The *Rooker–Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment."); *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015) (noting that "claims . . . speak[ing] not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments" are not barred by *Rooker-Feldman*). However, as discussed below, because Plaintiffs' fraud claims for monetary damages are not sufficiently pled, the Court dismisses these claims pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

        iii.   **Pleading false claims with particularity**

Rule 9(b) of the Federal Rules of Civil Procedure "requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016) (alteration in original) (quoting Fed. R. Civ. P. 9(b)). "To satisfy this Rule, a complaint alleging fraud must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where

and when the statements were made, and (4) explain why the statements were fraudulent.'" *Id.* (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)); *see also Shin v. Am. Airline, Inc.*, 726 F. App'x 89, 90 (2d Cir. 2018) (same) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)). "In other words, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Polansky v. Pfizer, Inc.*, No. 04-CV-0704, 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 2009) (citation and internal quotation marks omitted). As the Second Circuit has explained, "[t]he purpose of Rule 9(b) is threefold — it is designed to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *United States ex rel. Piacentile v. Amagen, Inc.*, 336 F. Supp. 3d 119, 131 (E.D.N.Y. 2018) (quoting *Ladas*, 824 F.3d at 25) (citation omitted). "Essentially, while Rule 9(b) permits scienter to be demonstrated by inference, this must not be mistaken for license to base claims of fraud on speculation and conclusory allegations. An ample factual basis must be supplied to support the charges." *Wood ex rel. United States v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009) (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991)).

Plaintiffs have not satisfied the requirements of Rule 9(b). While the Amended Complaint contains a number of conclusory statements that Defendants engaged in fraud in connection with the state court foreclosure proceedings, Plaintiffs have not described any particular statements made by Defendants that they contend were fraudulent, let alone stated when, where, and by whom the statements were made. Because Plaintiffs' legal conclusion that Defendants fraudulently obtained the foreclosure judgment is not sufficient under Rule 9(b), Plaintiffs' claims for damages based on Defendants' alleged fraud are dismissed.

### c. RICO claim

Defendants make a number of arguments in support of their motion to dismiss Plaintiffs' claim under 18 U.S.C. § 1962.[6] (Defs. Mem. 9–14.) Because the Court finds that Plaintiffs have failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court does not address Defendants' additional arguments.

"RICO creates a private cause of action for '[a]ny person injured in his business or property by reason of a violation of section 1962' of RICO." *Empire Merchants, LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (quoting 18 U.S.C. § 1964(c)). The statute "imposes liability on individuals working for an 'enterprise' that commits certain predicate crimes that amount to a 'pattern of racketeering activity.'" *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017) (quoting 18 U.S.C. §§ 1962, 1964). "The Supreme Court has interpreted that phrase ['pattern of racketeering activity'] to require both that the RICO predicates pose a threat of continuous criminal activity and that they be related to each other." *Id.* (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "In order to bring suit under § 1964(c), a plaintiff must plead (1) the defendant's violation of § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Commercial Cleaning Servs., L.L.C. v. Colin Service Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001); *see also Empire Merchants, LLC*, 902 F.3d at 140 ("To sue under RICO, a plaintiff must also establish that the underlying § 1962 RICO violation was 'the proximate cause of his injury.'" (quoting *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 132 (2d Cir. 2010)).

---

[6] Defendants argue that Plaintiffs' RICO claim should be dismissed because (1) Plaintiffs lack statutory standing since "it is impossible to ascertain what . . . damages Plaintiffs are alleging for RICO Act violations," (Defs. Mem. 10–11); (2) the statute of limitations has expired, (*id.* at 11); (3) Plaintiffs have failed to satisfy the pleading requirements of Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, (*id.* at 11–12); and (4) Plaintiffs have "completely failed to satisfy the elements of a civil RICO claim," (*id.* at 12).

13

Plaintiffs have not alleged facts sufficient to state a civil RICO claim. The Amended Complaint contains a number of conclusory statements that Defendants violated 18 U.S.C. § 1962 but few factual allegations to support them. Plaintiffs allege they were "injured in their business and property by reason of this violation of [18 U.S.C. § 1962]" and as a result "suffered damages including loss of the use of their retirement home" and "monetary losses in excess of $7,000,000." (Am. Compl. 35.) However, the Court is unable to discern from the Amended Complaint any specific factual allegations that would form the basis for a violation of section 1962. Plaintiffs' allegations that "Defendant Neighborhood Restore has engaged in a pattern of obtaining possession [of] properties owned by African American families in gentrifying neighborhoods . . . for the purpose of reselling those properties [to] white owners at a profit" fail to describe an enterprise and pattern of racketeering activity as required by section 1962. (*Id.* at 6, 8.)

Accordingly, the Court dismisses Plaintiffs' RICO claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### d. State criminal law claim

The Amended Complaint alleges that Defendants violated New York Penal Code Article 460, which makes enterprise corruption a felony under New York criminal law. *See* N.Y. Penal Law § 460.20. As private individuals, Plaintiffs cannot bring a claim under state criminal law. *See Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 611 (S.D.N.Y. 2013) (finding "[n]o private right of action" where Plaintiffs "rely on [forgery] provisions of New York Penal Code"); *Peterec v. Hilliard*, No. 12-CV-3944, 2013 WL 5178328, at *8 (S.D.N.Y. Sept. 16, 2013) ("[C]laim [under New York Penal Law] must fail because 'private citizens do not have a private cause of action for criminal violations." (quoting *Alexander v. Tyson*, No. 11-CV-710, 2013 WL

14

1798896, at *2 n.2 (D. Conn. Apr. 29, 2013))); *Smith v. N.Y.C. Police Dep't*, No. 06-CV-15436, WL 423039, at *5 (S.D.N.Y. Feb. 4, 2010) ("[A]n individual cannot bring a private cause of action for alleged criminal violations."); *see also* Richard A. Greenberg et al., *New York Practice Series – New York Criminal Law* § 36:1 n.11 (4th ed. 2019) (noting that, unlike RICO, Article 460 "does not create a private civil action in which those allegedly injured by enterprise corruption can seek treble damages"); Steven L. Kessler, *New York's Organized Crime Control Act*, 64 St. John's L. Rev. 797, 800 (1990) ("Baby RICO [Article 460] was designed as a prosecutorial tool . . . [and] does not provide for a private or individual cause of action. Only the district attorney or affected state prosecutor may bring such an action . . . . Civil remedies under Baby RICO, however, are not available without a criminal conviction." (footnotes omitted)).

Accordingly, the Court dismisses Plaintiffs' claim pursuant to New York Penal Code Article 470.

### e. Leave to amend

In light of Plaintiffs' *pro se* status, the Court grants Plaintiffs leave to file a second amended complaint as to their fraud and federal RICO claims within thirty (30) days of this Memorandum and Order.

A second amended complaint completely replaces the prior complaints filed in this action. The second amended complaint should identify the alleged basis for the Court's jurisdiction, Plaintiffs' causes of action, and specify facts underlying the injury claimed. Plaintiffs must succinctly state all of their claims against each of the Defendants whom they believe directly violated their rights, including a brief description of what Defendants did or failed to do. Plaintiffs must also provide the date and location for all relevant events. In addition, the second amended complaint must be captioned "Second Amended Complaint" and

bear the same docket number as this Memorandum and Order.

### III. Conclusion

For the reasons set forth above, the Court dismisses the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Court grants Plaintiffs leave to file a second amended complaint as to the fraud and federal RICO claims within thirty (30) days of the date of this Memorandum and Order. If Plaintiffs fail to file a second amended complaint within thirty (30) days, the Court will enter judgment dismissing this action for the reasons set forth above. All further proceedings shall be stayed for thirty (30) days.

Dated: September 13, 2019
       Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge