**GOLDSTEIN HALL PLLC**
Attorneys for Defendants
*Neighborhood Restore Housing*
*Development Fund Corporation and*
*Northeast Brooklyn Housing*
*Development Corporation*
80 Broad Street, Suite 303
New York, New York 10004
Tel: (646) 768-4127
By:   Brian J. Markowitz (BM-9640)
        bmarkowitz@goldsteinhall.com

UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF NEW YORK

---

WILBERT WILSON, ROLAND WOODS,
TA'KYASHILAH SABREE, and E.J.,

                                        Plaintiff,

                -against-

NEIGHBORHOOD RESTORE DEVELOPMENT, and
NORTHEAST BROOKLYN,

                                        Defendants.

---

Case No.: 18-CV-1172 (MKB)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS', NEIGHBORHOOD RESTORE HOUSING DEVELOPMENT FUND CORPORATION AND NORTHEAST BROOKLYN HOUSING DEVELOPMENT'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................ii, iii, iv

PRELIMINARY STATEMENT .......................................................................... 1

FACTUAL BACKGROUND ............................................................................... 1

ARGUMENT ...................................................................................................... 5

    I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS'

        CLAIMS ...................................................................................................... 5

        A. The Rooker-Feldman Doctrine Bars Plaintiffs' Claim for Vacatur of the In Rem

           Judgment ................................................................................................ 5

    II.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER RULE 9(b) OF THE

        FEDERAL RULES OF CIVIL PROCEDURE ............................................... 9

    III. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER 18 U.S.C.A. § 1962...11

CONCLUSION .................................................................................................... 18

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*Albany Ins. Co. v. Esses*,
  831 F.2d 41 (2d Cir. 1987)  ................................................. 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)  ......................................................... 11

*Bank v. Brooklyn Law School*,
  2000 WL 1692844 (E.D.N.Y. 2000)  ................................. 12

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)  ......................................................... 11

*Bernheim v. Litt*,
  79 F.3d 318 (2d Cir.1996)  ................................................ 11

*Castellano v. JPMorgan Chase Bank N.A.*,
  2014 WL 988563 (S.D.N.Y. Mar. 13, 2014) ...................... 6

*Chery v. Nationstar Mortg. LLC*,
  2018 WL 3708664 (S.D.N.Y. Aug. 2, 2018) ...................... 6

*City of New York v. Smokes- Spirits.com, Inc.*,
  2018 WL 3708664 (S.D.N.Y. Aug. 2, 2018) ...................... 15

*Cofacredit, S.A. v Windsor Plumbing Supply Co.*,
  187 F.3d 229 (2d Cir. 1999)  ............................................. 13

*Commercial Cleaning Servs. v. Colin Serv. Sys., Inc.*,
  271 F.3d 374 (2d Cir 2001)  .............................................. 14

*Desiderio v. National Ass'n of Sec. Dealers, Inc.*,
  191 F.3d 198 (2d Cir.1999)  .............................................. 11

*DLJ Mortgage Capital, Inc. v. Kontogiannis*,
  726 F. Supp. 2d 225 (E.D.N.Y. 2010)  .............................. 15

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005) .......................................................... 5

*Gregoris Motors v. Nissan Motor Corp. Intl. USA*,
  630 F.Supp. 902 (E.D.N.Y. 1986)  ................................. 13, 15

*Gunn v. Ambac Assur. Corp.*,
  2012 WL 3188849 (S.D.N.Y. Aug. 6, 2012) ...................... 6

*Haines v. Kerner*,
  404 U.S. 519 (1972) ......................................................... 11

ii

*Harbinger Capital Partners Master Fund I, Ltd. v. Wachovia Capital Markets*,
 2008 WL 3925175 (S.D.N.Y. 2008) ........................................................................ 15

*Hoblock v. Albany Cnty. Bd. of Elections*,
 422 F.3d 77 (2d Cir. 2005) ...................................................................................... 5

*King v. Simpson*,
 189 F.3d 284 (2d Cir.1999) .................................................................................... 11

*Kropelnicki v. Siegel*,
 290 F.3d 118 (2d Cir. 2002) .................................................................................... 6

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
 711 F.3d 106 (2d Cir. 2013) .................................................................................... 13

*Moss v. Morgan Stanley, Inc.*,
 719 F.2d 5 (2d Cir. 1983) ........................................................................................ 14

*Motorola Credit Corp. v. Uzan*,
 322 F.3d 130 (2d Cir.2003) ..................................................................................... 15

*Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
 712 F.3d 705 (2d Cir. 2013) .................................................................................... 13

*Perez v. Hawk*,
 302 F. Supp. 2d 9 (E.D.N.Y. 2004) ........................................................................ 11

*Riley v Commr. of Fin. of City of New York*,
618 Fed Appx 16 (2d Cir 2015)………………………………………………………7,8
*Salem v. Paroli*,
 260 B.R. 246 (S.D.N.Y. 2001) ................................................................................ 6

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*,
 793 F.Supp. 1114 (E.D.N.Y. 1992) ........................................................................ 15

*Villager Pond, Inc. v. Town of Darien*,
 56 F.3d 375, 378 (2d Cir. 1995) .............................................................................. 12

*Williams v. Smith*,
 781 F.2d 319 (2d Cir.1986) ..................................................................................... 11

*Wood v. Gen Motors Corp.*,
 2010 WL 3613812 (E.D.N.Y. 2010) ....................................................................... 14

*World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*,
 328 F. App'x 695 (2d Cir. 2009) ............................................................................. 12

**STATUTES**

18 U.S.C. § 1962 ........................................................................... 1, 4, 5, 11, 14, 15

18 U.S.C. § 1961(4) ............................................................................................... 13

CPLR 3211(a)(5) ..................................................................................................... 2

N.Y. Penal Law, Article 460 ................................................................................... 15

NYC Admin. Code § 11-412 ...................................................................................... 2

NYC Admin. Code § 11-412.1(h) .............................................................................. 3

**RULES**

Fed. R. Civ. P. 8 ...................................................................................................... 13

Fed. R. Civ. P. 9(b) …………………………………………………………….4, 7, 8, 14, 15

Fed. R. Civ. P. 12(b)(1) ....................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 4, 11

Fed. R. Civ. P. 12(h)(3) ............................................................................................ 4

Fed. R. Civ. P. 60(b)(4) ................................................................................ 4, 5, 10

R.C.N.Y., Title 28, Ch. 28 ..................................................................................

## PRELIMINARY STATEMENT

Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore"), incorrectly sued herein as Neighborhood Restore Development,  and Northeast Brooklyn Housing Development Corporation ("NBHDC"), incorrectly sued herein as Northeast Brooklyn, (collectively, "Defendants"), by their attorneys, Goldstein Hall PLLC, respectfully submit this memorandum of law in support of Defendants' motion for an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing Plaintiffs', Wilbert Wilson ("Mr. Wilson"), Roland Woods ("Mr. Woods"), Ta'kyashilah Sabree ("Ms. Sabree"), and E.J.'s ("E.J."), (collectively, "Plaintiffs"), instant action seeking, *inter alia*, vacatur of the In Rem judgment, dated October 26, 2011, and entered with the Kings County Clerk's Office on November 2, 2011,  (the "In Rem Judgment"), and money damages.

As more fully set forth below, this Court must dismiss the instant action on the grounds that the Court lacks subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine and Fed. R. Civ. P. 12(h)(3), and that the Plaintiffs failed to properly plead fraud and/or state a RICO cause of action under 18 U.S.C.A. § 1962.

## FACTUAL BACKGROUND

This Court is respectfully referred to the Affirmation of Brian J. Markowitz ("Markowitz Aff."), sworn to on December 3, 2019, submitted in support of Defendants' motion to dismiss, for a complete statement of the factual background relevant to this matter. For the Court's convenience, a brief recitation of the relevant facts and procedural history follows.

On February 23, 2007, the City of New York (the "City") commenced an In Rem tax foreclosure action in Kings County Supreme Court, captioned *In Rem Foreclosure Action No.: 51,*

*Borough of Brooklyn, Index No.: 8700/07*, pursuant to Title 11, Chapter 4 of the Administrative Code ("NYC Admin. Code"), as amended by Local Law 37 of 1996 and Title 28, Chapter 28 of the Rules of the City, (a.k.a. "Third Party Transfer Program"), to foreclose, *inter alia*, unpaid tax liens filed against the building located at 580 Lafayette Avenue, Brooklyn, New York 11205, (Block: 1788; Lot: 53), (the "Premises"), which was formerly owned by Mr. Wilson (Markowitz Aff., ¶ 3).  On October 26, 2011, the Court granted the In Rem Judgment, and, on August 8, 2012, the City, pursuant to the Third Party Transfer Program, transferred the Premises to Neighborhood Restore, who, subsequently, entered into a management and pre-development agreement with Northeast Brooklyn Housing Development Fund Corporation ("NBHDFC")[1] for NBHDFC to manage the Premises.

On January 16, 2013, almost a year and a half after the issuance of the In Rem Judgment, Mr. Wilson commenced an action in Kings County Supreme Court, captioned *Wilbert Wilson v. Neighborhood Restore Housing, Northeast Brooklyn Housing Development Fund Corporation and Marlo Bracey, Index No.: 505/2013*, seeking vacatur of the In Rem Judgment based on the alleged fraud by Neighborhood Restore (Markowitz Aff., ¶ 5). On December 19, 2013[2], the Court dismissed the Supreme Court action on the grounds that the action was commenced beyond the applicable statute of limitations pursuant to CPLR 3211(a)(5). The Court held that after the expiration of the four-month mandatory redemption period under NYC Admin. Code § 11-412, the right to redeem the foreclosed property or to vacate and/or set aside the underlying in rem

---

[1] On November 1, 2017, Neighborhood Restore transferred the Premises to Restoring Urban Neighborhoods, LLC (Markowitz Aff., Footnote No.: 2, Exh. "E").
[2] The December 19, 2013 Decision and Order was entered with the Kings County Clerk's Office on January 17, 2014 (Markowitz Aff., Footnote No.: 3).

2

judgment of foreclosure ceases to exist. Given that Mr. Wilson commenced the January 16, 2013 action well after the four-month mandatory redemption period expired on March 2, 2012, the Court, applying a presumption of regularity in In Rem tax foreclosure actions under NYC Admin. Code § 11-412.1(h), ruled that Mr. Wilson's challenge of the In Rem Judgment was untimely (Markowitz Aff., Exh. "A").

Following the dismissal, on February 21, 2014, Mr. Wilson filed an appeal with the Appellate Division, Second Department of the Supreme Court of the State of New York, seeking a reversal of the December 19, 2013 Decision. On June 17, 2015, the Second Department affirmed the Motion Court's Decision and Order on the same grounds. *See Wilson v. Neighborhood Restore Housing* (2d Dep't 2015) 129 A.D.3d 94812 N.Y.S.3d 166. (Markowitz Aff., ¶ 7, Exh. "B").

Then, on June 4, 2015, Mr. Wilson commenced a special proceeding in Kings County Supreme Court, captioned *Wilbert Wilson v. The New York City Department of Housing Preservation and Development, et al., Index No.: 7038/2015*, seeking vacatur of the In Rem Judgment based on the alleged fraud by Neighborhood Restore (Markowitz Aff., ¶ 8). As before, on October 26, 2016[3], the Court dismissed the special proceeding on the same grounds set forth in the Second Department in the June 17, 2015 Decision and Order (*Id*, Exh. "C").

Further, on February 22, 2018, Plaintiffs filed an action with this Court, captioned *Wilbert Wilson, Roland Woods, Ta'Kyashilah Sabree, and E.J. v. Neighborhood Restore Development, and Northeast Brooklyn, Docket No.: 18-CV-1172*, seeking money damages in the amount of $50,000,000.00 based on the alleged breach of contract, breach of warranty of habitability,

---

[3] The October 26, 2016 Decision and Order was entered with the Kings County Clerk's Office on November 18, 2016 (Markowitz Aff., Footnote No.: 4).

3

negligence, personal injury and fraud by Neighborhood Restore (Markowitz Aff., ¶ 9). On May 18, 2018, this Court dismissed Plaintiffs' action without prejudice as against E.J. on the grounds that, pursuant to applicable case law, E.J. cannot be represented by the other Plaintiffs due to them not being attorneys, and as against the remaining Plaintiffs on the grounds of lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3) (*Id*, Exh. "D"). Additionally, the Court granted Plaintiffs leave to file an amended complaint within thirty (30) days, in order to plead facts supporting subject matter jurisdiction (*Id*).

On November 13, 2018, after obtaining an extension of time from this Court on October 18, 2018, Plaintiffs filed an Amended Complaint seeking, *inter alia*, vacatur of the In Rem Judgment based on the alleged fraud by Neighborhood Restore pursuant to Fed. R. Civ. P. 60(b)(4) and money damages pursuant to 18 U.S.C.A. § 1962 and N.Y. Penal Law, Articles 40 and 460 (Markowitz Aff., ¶ 10).

In response to the Amended Complaint, Defendants filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that the Court lacked subject matter jurisdiction over the Defendants because diversity jurisdiction did not exist over Plaintiffs' claims and the Amended Complaint was barred by the *Rooker*-Feldman Doctrine.  On September 13, 2019, this Court dismissed the Amended Complaint, holding that the Court did not have subject matter jurisdiction over Plaintiffs' claim seeking to vacate the foreclosure judgment because it is barred by the *Rooker-Feldman* doctrine. As to Plaintiffs' Fraud and RICO Claims, the Court found that Plaintiffs failed to properly plead these claims pursuant to under Rule 9(b) of Fed. R. Civ. P., and permitted Plaintiffs leave to replead these claims.  (Markowitz Aff., ¶ 11).

On November 13, 2019, Plaintiffs filed their Second Amended Complaint.  Although the Second Amended Complaint is written in the same nonsensical manner as the first two complaints,

it appears to be Plaintiffs' attempts to seek, vacatur of the In Rem Judgment based on the attempt to allege an act of fraud by Neighborhood Restore pursuant to Fed. R. Civ. P. 60(b)(4) and money damages pursuant to 18 U.S.C.A. § 1962 and N.Y. Penal Law, Articles 40 and 460. (Markowitz Aff., ¶ 12).

## **ARGUMENT**

### I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS

#### A.   *The Rooker-Feldman Doctrine Bars Plaintiffs' Claim for Vacatur of the In Rem Judgment*

Plaintiffs' cause of action, once again, seeking to vacate the In Rem Judgment must be dismissed by this Court pursuant to the *Rooker-Feldman* doctrine. This claim, like Plaintiffs' first two attempts at seeking this relief is barred by *Rooker-Feldman* pursuant to the September 13, 2019 Order. Pursuant to the September 13, 2019 Order from this Court, Plaintiffs were granted leave to replead and file a Second Amended Complaint *only* as to their fraud and federal RICO claims. Notwithstanding, the inclusion, yet again, of the attempt to vacate the State Court action is completely improper and must be dismissed.

According to the doctrine, federal district courts are divested of subject matter jurisdiction over actions challenging state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). The *Rooker-Feldman* doctrine applies when: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Federal Courts lack subject matter jurisdiction whenever the Rooker-Feldman doctrine applies. *Kropelnicki v. Siegel*, 290 F.3d 118,

128 (2d Cir. 2002) ("Under the Rooker–Feldman doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments"); *Chery v. Nationstar Mortg. LLC*, 18 Civ. 1240 (PAC), 2018 WL 3708664, at 4 (S.D.N.Y. Aug. 2, 2018) ("Because Rooker-Feldman applies, Plaintiff's claims must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction.").

Additionally, the *Rooker-Feldman* doctrine also bars a federal district court's jurisdiction over claims that are "inextricably intertwined with state court determinations." *Kropelnicki*, 290 F.3d at 128. "[I]f adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment." *Kropelnicki v. Siegel*, 290 F.3d at 129.

Moreover, the *Rooker-Feldman* doctrine applies even if the final judgment of the state court was rendered on default. *Salem v. Paroli*, 260 B.R. 246, 254 (S.D.N.Y. 2001), aff'd, 79 F. App'x 455 (2d Cir. 2003) (".. plaintiff's request for an order setting aside the default judgment is denied [under the Rooker-Feldman doctrine]").

Lastly, "[c]ourts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court." *Castellano v. JPMorgan Chase Bank N.A.*, No. 13-CV-03390 (NSR), 2014 WL 988563, at 3 (S.D.N.Y. Mar. 13, 2014); *Gunn v. Ambac Assur. Corp.*, No. 11 CIV. 5497 PAC JLC, 2012 WL 3188849, at 2 (S.D.N.Y. Aug. 6, 2012).

Here, the *Rooker-Feldman* doctrine applies because Defendants have satisfied the four-part test. First, on October 26, 2011, Plaintiffs lost in a state In Rem tax foreclosure action, *In Rem Foreclosure Action No.: 51, Borough of Brooklyn, Index No.: 8700/07*, which resulted in the In Rem Judgment (Markowitz Aff., ¶ 3). Second, the injuries brought about by the In Rem Judgment

– the loss of the Premises due to its transfer to Neighborhood Restore under the Third Party Transfer Program (Markowitz Aff., Footnote No.: 2) – are the crux of Plaintiffs' instant action – i.e. Plaintiffs seek to vacate the In Rem Judgment (*see* Complaint, pg. 1). Third, Plaintiffs are petitioning this Court to review the validity of and to vacate the In Rem Judgment (*Id*). Lastly, the In Rem Judgment that Plaintiffs are trying to have this Court to review was granted on October 26, 2017, and entered on November 2, 2011 (Markowitz Aff., ¶ 4, Footnote No.: 2) – close to 8 years before Plaintiffs commenced this instant action.

In addition to satisfying the four-part test, Plaintiffs' claim for vacatur of the In Rem Judgment is also "inextricably-intertwined" with the In Rem Judgment itself, as Plaintiffs are seeking to get the In Rem Judgment vacated on the grounds of it being "void" due to the alleged fraud (*see* Complaint, pg. 1).

The determination of whether *Rooker-Feldman* applies in the situation presented herein has already been addressed and decided by the Second Circuit in *Riley v Commr. of Fin. of City of New York*, 618 Fed Appx 16 (2d Cir 2015). *Riley* involved an *in rem* foreclosure action entered on November 2, 2011 in an action captioned *In Rem Tax Foreclosure Action No. 51 Borough of Brooklyn*¸ Index No. 8700/07 (Martin, J.). Ms. Riley thereafter sought to vacate the Judgment of Foreclosure, which was denied by the New York State Supreme Court. Ms. Riley commenced an action in the Eastern District, which was dismissed for lack of jurisdiction pursuant to *Rooker-Feldman*. Ms. Riley appealed and the Second Circuit upheld the Eastern District's decision, holding

> The district court here correctly dismissed Riley's action pursuant to *Rooker Feldman*. The complaint sought to remove six alleged clouds on Riley's claimed title to a Brooklyn property, as well as a declaratory judgment of free-and-clear ownership. Riley's claimed ownership of the property, however,

> was already fully adjudicated and rejected in the prior state-court proceedings. *See In Rem Tax Foreclosure Action No. 51, Borough of Brooklyn,* Index No. 8700/07 (N.Y.Sup.Ct. Feb. 26, 2013). In *Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423 (2d Cir.2014), this court held that an action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment was barred by *Rooker–Feldman. See id.* at 426–28. As in *Vossbrinck,* the district court in this case lacked subject-matter jurisdiction to review and reject the state-court foreclosure judgment and, therefore, correctly dismissed the action.

_Riley v Commr. of Fin. of City of New York_, 618 Fed Appx 16, 17 (2d Cir 2015). Here, as in *Riley*, the Plaintiffs' claims are intertwined with the state court judgment. Also, notably, Riley was not a party to the State Court Action. Even though Riley was not named in the State Court Action, the Second Circuit still upheld the fact that *Rooker Feldman* applied to her Federal Court action.

Accordingly, the issue of whether the *Rooker-Feldman* doctrine applies to collateral challenges to *in rem* foreclosure proceedings has already been decided by the Second Circuit. Plaintiffs provide no reasoning why the Second Circuit's decision in *Riley*, which is directly on point, should be disturbed.

First, as in *Riley*, the alleged independent federal claims are collateral attacks on the underlying *in rem* judgments. They do not arise independently from the *in rem* judgment and are inextricably linked to the underlying *in rem* judgment, such that rendering a decision on the causes of action herein would eviscerate the underlying state court *in rem* judgment. _Exxon Mobil Corp._ _v. Saudi Basic Indus._, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005) (*Rooker Feldman* applies were an action is "brought by [a] state-court loser[ ] **complaining of injuries caused by state court judgments rendered before the district court proceedings** commenced and inviting district court review and rejection of those judgments.") (Emphasis supplied).

8

Second, the Second Circuit squarely held that *Rooker-Feldman* is applicable and Plaintiffs have not even argued that *Riley* is inapplicable to the situation presented herein. Third, as in *Riley*, the underlying property was transferred through the Third-Party Transfer Program.

Accordingly, for all the reasons set forth herein, the Second Circuits' holding in *Riley*, and upon all the cases and arguments cited in Defendants' moving papers, Plaintiffs' complaint must be dismissed as this Court lacks subject matter jurisdiction over such claims.

## II.   PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER RULE 9(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs attempt to allege a cause of action in fraud does not meet the requirements of Fed. R. Civ. P. 9(b) and therefore must be dismissed.

Rule 9(b) of the Fed. R. Civ. P. "requires that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016) (alteration in original) (quoting Fed. R. Civ. P. 9(b)). To satisfy this Rule, a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks omitted). "The purpose of Rule 9(b) is threefold—it is designed to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (internal quotation marks omitted). "We recognize and rigorously enforce these salutary purposes of Rule 9(b)." *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990) *United States ex rel. Ladas v Exelis, Inc.,* 824 F3d 16, 25-26 (2d Cir 2016). "Essentially, while

Rule 9(b) permits scienter to be demonstrated by inference, this must not be mistaken for license

to base claims of fraud on speculation and conclusory allegations. An ample factual basis must be

supplied to support the charges." *Wood ex rel. United States v. Applied Research Assocs., Inc.,* 328

f. App'x 744, 747 (2d Cir. 2009) (quoting *O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2D 674,

676 (2d Cir. 1991)).

Specifically, throughout its Second Amended Complaint, Plaintiffs consistently fail to

specify the content, date and place of any alleged misrepresentation and the identity of the persons

making and receiving them, instead merely making incoherent, general conclusory allegations

which fail to add up to anything more than a compilation of fragmented sentences, much less a

cause of action (*see* Complaint, pgs. 1 - 19). Plaintiffs' broad statements regarding a void

judgment, and a void order are not only incomprehensible, they are the exact same allegations that

Plaintiffs have alleged over and over, and which were dismissed based on the *Rooker-Feldman*

Doctrine.  These numerous conclusory statements that Defendants engaged in fraud in connection

with the state court proceedings do not include any particular statements made by Defendants that

Plaintiffs contend were fraudulent, let alone stated when, where, and by whom the statements were

made.

An example of Plaintiffs' conclusory fraud allegation reads,

> "That, here, Defendants, government lawyers Cardozo and other officers of the state court O'Neale, Sunshine, Avitabile, Markowitz and the City of New York, jointly and severally, in their individual capacities acted in a manner inconsistent with constitutional due process by drafting a void proposed default class judgment, a void decree, void orders and void deeds/clouds and inserting them into void records of void cases that do not exist, and no longer exist or ever existed." *See* Complaint, Pg. 2.

10

Another example of Plaintiffs' conclusory fraud allegation states:

> "That these Defendants repeatedly abused void legal processes for fraudulent and criminal proposes such as inserting void documents into void cases. The truth and evidence is right here for the Court to ascertain, but counsel is so anxious to win, at all costs, that they totally ignore constitutional due process and never did the required investigation of Defendants' long running practices of drafting void judgments for void cases and placing void clouds on real property stolen by force for over forty years." *See* Complaint, Pg. 7.

This allegation contains nothing more than a legal conclusion that Defendants acted fraudulently by "inserting void documents into void cases" but provides no specifics.

Similarly, Plaintiffs states:

> "That it appears, on record, that Defendants, jointly and severally, are actually running their own personal real estate fraud schemes within the NYS Unified Court System (NYC UCS) that are well documented with only government lawyers and judges only appearing in court. No pleadings, no standing, no opposing parties, no notice, no notice of entry and no due process." …Defendants draft, sell and purchased void judgments taking real properties that belong to other people and transferring them to themselves or to other corrupt organizations, as Plaintiff shows clearly with Evidence and Legal Points and Legal Authorities In Support of This Rule 60(b)(4) Motion Verified." *See* Complaint, pg. 3.

While these allegations defy logic, they are also nothing more than mere fantasy, and fail to rise to the level of specificity necessary to properly plead a fraud cause of action under Rule

9(b).  Again, this allegation contains no specific who, what, when, where, and how of the alleged fraud.

One more example of Plaintiffs' conclusory allegations includes the following statement: "But on August 8, 2012, the Third-Party Fraudulently deleted the Deed of the Owner Wilbert Wilson, to their name Neighborhood Restore." *See* Complaint, Pg. 14. As the record indicates, on October 26, 2011, the Court entered the In Rem Judgement and, on August 8, 2012, the City, pursuant to the Third Party Transfer Program, transferred the Premises to Neighborhood Restore. Neighborhood Restore lawfully took possession of the Premises pursuant to the Third Party Transfer Program. Over and over, Plaintiffs' allegation fails to contain a specific who, what, when, where, and how the alleged fraud occurred.

Here, Plaintiffs have not satisfied the requirements of Rule 9(b). While the Second Amended Complaint contains a number of conclusory statements that Defendants (and others) engaged in fraud in connection with the state foreclosure proceedings, Plaintiffs have not described any particular statements made by Defendants that they contend were fraudulent, let alone stated when, where, and by whom the statements were made. Here, Plaintiffs' legal conclusion that Defendants fraudulently obtained the foreclosure judgment is not sufficient under Rule 9(b), and Plaintiffs' claims for damages based on alleged fraud must be dismissed.

## III.    PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION UNDER 18 U.S.C.A. § 1962

Plaintiffs' cause of action seeking damages under 18 U.S.C.A. § 1962 ("RICO") must be dismissed by this Court because Plaintiffs fail to state a cause of action.

When deciding a motion to dismiss for failure to state a cause of action under Fed. R. Civ. P. 12(b)(6), the Court should dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *King*

*v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999). *See also Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). To not be dismissed, a complaint must plead enough facts to state a claim that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (The factual allegations of the complaint must be beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Additionally, the reviewing Court "must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally." *Perez v. Hawk*, 302 F. Supp. 2d 9, 16 (E.D.N.Y. 2004). See also *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). However, even though the reviewing Court must liberally interpret the complaint of a *pro se* plaintiff, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith,* 781 F.2d 319, 322 (2d Cir.1986), it, nevertheless, "[must] not exempt a [pro se plaintiff] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir.1983) (citations omitted).

Lastly, in reviewing a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

As a threshold matter, the statute of limitation for interposing a RICO claim has run. According to the Second Circuit, the four-year statute of limitations for asserting a RICO claim "begins to run when the plaintiff discovers-or should have reasonably discovered-the alleged injury." *World Wrestling Entm't, Inc. v. Jakks Pac., Inc.*, 328 F. App'x 695, 697 (2d Cir. 2009).

Here, the injury, theoretically, giving rise to a RICO claim arose as early as October 26, 2011 – the date the In Rem Judgment was granted. However, Plaintiffs interposed their RICO claims for the first time in their Amended Complaint filed with this Court on September 13, 2019 – close to 4 years after the statute of limitation expired. Giving Plaintiffs the benefit of the doubt, even assuming they should have reasonably discovered the alleged injury on the date they commenced their first action on January 16, 2013 (even though they would have theoretically discovered the alleged injury prior to such a date), the statute of limitations would still be expired. As a result, Plaintiff's causes of action seeking damages under RICO must be dismissed.

On the merits, to allege the existence of a RICO enterprise, a plaintiff must plead that the defendants are engaged in "an ongoing organization, formal or informal, ... that ... function[s] as a continuing unit." *Bank v. Brooklyn Law School*, 2000 WL 1692844 4 (E.D.N.Y. 2000) ("There must also be allegations evidencing 'a kind of chain of command or functional integration, as is typical of a classic RICO enterprise,' as well as allegations indicating an 'ascertainable structure.'"). With the exception of using blanket statements like "personal real estate fraud schemes within the NYS Unified Court System" (*see* Complaint, pg. 3), "void case" (*Id, pg. 2, 7*), "void judgment" (*Id*, pg. 3, 7), or "fraudulent and criminal purposes" (*Id*, pg. 7), the Complaint does not contain a single allegation or a scintilla of evidence in the form of a documentary evidence attached as an exhibit to the Complaint that would confirm that either Neighborhood Restore or NBHDC is an "enterprise" within the meaning 18 U.S.C. § 1961(4). On the contrary, apart from being duly formed as non-for-profit, domestic organizations, the two companies have a proven record of doing exemplary work in their respective local communities to promote affordable housing.

14

Moreover, Plaintiffs' Complaint similarly fails to allege any pattern of "racketeering activity" within the meaning of the statute. *Cofacredit, S.A. v Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999) (The complaint must delineate facts showing "that the predicate acts of racketeering activity by a defendant are related, and that they amount to or pose a threat of continued criminal activity."). As such, given that Plaintiffs have failed to even minimally allege with specificity which predicate acts were performed by which Defendant and when, just as with the "enterprise" element of the cause of action, Plaintiffs have not proven the pattern of "racketeering activity" element. Here, Plaintiffs' Complaint completely fails to establish the "enterprise" and "racketeering activity" elements of a RICO action.

Additionally, apart from Plaintiffs' utter failure to satisfy the minimum pleading requirements listed above, Plaintiffs have also failed to satisfy Fed. R. Civ. P. 8, which demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation,"[4] and Fed. R. Civ. P. 9(b), which requires RICO claims based on fraud to be plead with particularity. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119-20 (2d Cir. 2013); *Gregoris Motors v. Nissan Motor Corp. Intl. USA*, 630 F.Supp. 902, 912 (E.D.N.Y. 1986). To satisfy this Rule, a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks omitted). "The purpose of Rule 9(b) is threefold—it is designed to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation

---

[4] *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013).

from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." *26 *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (internal quotation marks omitted). "We recognize and rigorously enforce these salutary purposes of Rule 9(b)." *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990) *United States ex rel. Ladas v Exelis, Inc.,* 824 F3d 16, 25-26 (2d Cir 2016). Plaintiffs have not satisfied the requirements of Rule 9(b). As argued above, since Plaintiffs' fail to plead fraud with particularity pursuant to Rule 6(b), their RICO claims must also fail.

Plaintiffs have completely failed to satisfy the elements of a civil RICO claim. To plead a valid civil action under RICO, a plaintiff must allege "(1) the defendant's violation of [18 U.S.C.A. § 1962]; (2) an injury to the plaintiff's business or property; and (3) causation of the injury by the defendant's violation." *Commercial Cleaning Servs. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir 2001); *Wood v. Gen Motors Corp.*, 2010 WL 3613812, 4 (E.D.N.Y. 2010).

To satisfy the first prong, a plaintiff must adequately allege that the defendant's conduct falls within the seven elements mandated by the Second Circuit in *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983): "(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate commerce."

To meet the remaining two prongs – RICO injury and causation – a plaintiff must sufficiently plead that he/she was "injured in his business or property by reason of a violation of [18 U.S.C.A. § 1962]" *City of New York v. Smokes- Spirits.com, Inc.*, 541 F.3d 425, 439 (2d Cir. 2008). A plaintiff's failure to adequately allege any single factor as to each individually-named defendant requires dismissal of the cause of action. *Albany Ins. Co. v. Esses*, 831 F.2d 41, 44 (2d

Cir. 1987); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F.Supp. 1114, 1126 (E.D.N.Y. 1992); *Gregoris Motors v. Nissan Motor Corp. Intl. USA*, 630 F.Supp. 902, 913 (E.D.N.Y. 1986).

Beyond that, Plaintiffs do not have statutory standing to pursue its RICO claims. It is well settled that standing under RICO is "a more rigorous matter than standing under Article III," in that it "incorporates an enhanced ripeness requirement: 'a cause of action does not accrue under RICO until the amount of damages becomes clear and definite.' " *DLJ Mortgage Capital, Inc. v. Kontogiannis*, 726 F. Supp. 2d 225, 236 (E.D.N.Y. 2010). *See also Motorola Credit Corp. v. Uzan*, 322 F.3d 130 (2d Cir.2003) (Where the magnitude of damages is still unknown, a RICO injury remains "speculative" and "unprovable."); *Harbinger Capital Partners Master Fund I, Ltd. v. Wachovia Capital Markets*, 2008 WL 3925175, at 4 (S.D.N.Y. 2008), *aff'd*, 347 Fed. Appx. 711 (2d Cir. 2009).

Here, in a purported prayer for relief (*see* Complaint, pg. 9), Plaintiffs' complaint states "The Plaintiffs and his family were injured in their business and property by reason of this violation of Article 18 USCA – 1962 and Penal Law Article 460. Plaintiffs and family suffered damages including loss of the use of their retirement home. The property has been in the family for over forty-three (43) years at 580 Lafayette Avenue, Brooklyn, New York. The monetary losses in excess of". *See* Complaint, pg. 13. Based on these allegations, it is impossible to ascertain what the damages Plaintiffs are alleging for RICO Act violations. Additionally, without any provided monetary figure, it is also impossible to ascertain the amount of intended damages based on the language used in the Complaint – i.e. "the monetary losses in excess of." Further, viewing the documents attached to the second amended complaint, it is unclear what the alleged damages are.

As a result, given that the exact amount of claimed damages for the alleged RICO violations is unknown, Plaintiffs do not have standing to bring this claim.

As a result and in light of above, given that this Court must dismiss Plaintiffs' cause of action based on RICO for failure to state a cause of action.

<u>**CONCLUSION**</u>

For the reasons stated above, this Court must dismiss the Plaintiff's Complaint in its entirety with prejudice.

Dated:  New York, New York
        December 3, 2019

**GOLDSTEIN HALL PLLC**

By:  /S/ Brian J. Markowitz
        Brian J. Markowitz, Esq. (BM-9640)
Attorneys for Defendants
*Neighborhood Restore Housing*
*Development Fund Corporation and*
*Northeast Brooklyn Housing*
*Development Corporation*
80 Broad Street, Suite 303
New York, New York 10004
Tel: (646) 768-4127
Fax: (646) 219-2450

18