UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILBERT WILSON, ROLAND WOODS, TA'KYASHILAH SABREE, and E.J.,<br><br>          Plaintiffs,<br><br>  -against-<br><br>NEIGHBORHOOD RESTORE DEVELOPMENT, and NORTHEAST BROOKLYN,<br><br>          Defendants. | Case No.: 18-CV-1172 (MKB)<br><br>**AFFIRMATION IN FURTHER SUPPORT** |

**BRIAN J. MARKOWITZ**, an attorney duly admitted to practice law before this Court, and the Courts of the State of New York, hereby affirms the following under penalties of perjury:

1. I am a partner with the law firm of Goldstein Hall PLLC, attorneys for Defendants, Neighborhood Restore Housing Development Fund Corporation ("Neighborhood Restore"), incorrectly sued herein as Neighborhood Restore Development, and Northeast Brooklyn Housing Development Corporation ("NBHDC"), incorrectly sued herein as Northeast Brooklyn, (collectively, "Defendants"), in the instant action. As such, I am fully familiar with the facts and circumstances set forth below based upon my review of the files maintained by my law firm's office, and conversations with my client in connection with this matter.

2. I submit this affirmation in further support of Defendants' motion for an Order pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") dismissing the claims asserted by Plaintiffs, Wilbert Wilson ("Mr. Wilson"), Roland Woods ("Mr. Woods"), Ta'kyashilah Sabree ("Ms. Sabree"), and E.J. ("E.J."), (collectively, "Plaintiffs"), and for such other and further relief as the Court deems just, proper and equitable.

3. Defendants' motion was premised on the fact that Plaintiff's Second Amended Complaint fails to properly allege any claims sounding in fraud or RICO pursuant to Fed. R. Civ. P. 9(b). Nothing contained in Plaintiffs' opposition corrects any of the pleading deficiencies identified in the instant motion nor does it offer any opposition at all regarding why the motion should not be grated.

4. Plaintiffs' opposition is nothing more than a rambling collection of incoherent statements and cut and paste portions from unidentified documents. The opposition, like the Second Amended Complaint fails to raise allegations of fraud, fails to correct any of the pleading deficiencies raised in the motion and fails to allege any RICO allegations. While acknowledging that Courts must liberally interpret the complaint of a pro se plaintiff (*Hainesv. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir.1986)) to accept Plaintiffs' pleadings in the Second Amended Complaint would stretch the limits of Fed. R. Civ. P. 9(b) beyond its braking point. *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir.1983) (Courts "[must] not exempt a [pro se plaintiff] from compliance with relevant rules of procedural and substantive law.") (internal citations omitted).

5. Accordingly, Plaintiffs' Second Amended Complaint must be dismissed in its entirety as the Court lacks subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine and Fed. R. Civ. P. 12(h)(3), and that the Plaintiffs failed to properly plead fraud and/or state a RICO cause of action under 18 U.S.C.A. § 1962.

**WHEREFORE**, for the reasons set forth herein, this Court must (i) dismiss Plaintiffs' Complaint in its entirety and with prejudice; and (ii) grant Defendants such other and further reliefs that this Court deems just, proper and equitable.

Dated:     New York, New York
           March 6, 2020

                                            *S/ Brian J. Markowitz*
                                            **BRIAN J. MARKOWITZ**